IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LESTER F. ANDERSON, | : |
| Petitioner, | : |
| v. | : C.A. No. 14-45-RGA |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

Petitioner Lester Anderson has filed a document asserting that the Delaware state courts violated his due process rights with respect to an ineffective assistance of counsel raised in his Rule 61 proceeding, and he requests an evidentiary hearing, appointment of counsel, and "permission to file a motion, a writ, and separate memorandum in support of writ with appendix." (D.I. 1 at 1-4) The Court construed the initial document as a request for federal habeas relief filed pursuant to 28 U.S.C. § 2254 and informed Petitioner of this "re-characterization" in its initial AEDPA Order. The Court gave Petitioner an opportunity to respond to the re-characterization via an AEDPA Election Form, and provided him with a form petition for habeas relief so that he could present his claims in a more understandable manner. (D.I. 3) Petitioner responded that he is not seeking federal habeas relief but, rather, he is "seeking [] the appointment of counsel under 18 U.S.C. § 3006A." (D.I. 5 at 2) Petitioner then filed a separate motion asking the Court to appoint counsel to represent him in the Delaware state courts and to help him file an original writ of habeas corpus in this Court. (D.I. 6 at 1-3)

The Court accepts, as it must, Petitioner's statement that he is not pursuing habeas relief, and that he wants his initial filing (and presumably his other two explicitly titled motions for appointment of counsel) to only be considered as requests for the appointment of counsel. See (D.I. 1; D.I. 4; D.I. 6)  However, as a result, there is no action or proceeding pending before the Court, and no case or controversy to be heard. Thus, the Court lacks jurisdiction to consider Petitioner's requests for the appointment of counsel.[1] See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (federal courts can only consider ongoing cases or controversies).

For these reasons, the Court will dismiss the case without prejudice and terminate the Motions.  A separate Order follows.

May 9, 2014
DATE

UNITED STATES DISTRICT COURT

---

[1] Additionally, Petitioner has no pending action in which the Court can consider appointing counsel. See Woodford v. Garceau, 538 U.S. 202, 206-08 (2003) (explaining that a § 2254 petition is not pending until it is filed, and that a pre-petition motion to appoint counsel will not suffice); cf. 18 U.S.C. § 3006A(a)(2) ("Whenever the [] court determines that interests of justice so require, representation may be provided for any financially eligible person who –(B) is seeking relief under section 2241, 2254, or 2255 of title 28.").  In turn, the Court cannot appoint counsel to represent Petitioner in the Delaware state courts, because 18 U.S.C. § 3006A only authorizes federal courts to appoint counsel for indigent parties in federal cases, and Martinez v. Ryan, 132 S.Ct. 1309 (2012), does not alter this conclusion.  Notably, Martinez did not recognize or create an automatic constitutional right to counsel in collateral proceedings or authorize federal courts to intervene in collateral proceedings taking place in state court, but only created a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims.  See id. at 1319.

2